UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Seekou Lee, | Case No. 17-cv-00645-JRT-KMM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Joe Paget, *Ramsey County Sheriff*, | |
| Respondent. | |

Seekou Lee, Ramsey County Adult Detention Center, 425 Grove Street, St. Paul, MN 55101, petitioner pro se

Peter R. Marker, Ramsey County Attorney's Office, counsel for respondent

      In this habeas proceeding, Seekou Lee alleges that he is being held in custody as a pretrial detainee in violation of his Sixth Amendment right to a speedy trial. Pet. at 2, 6-7, ECF No. 1. For the reasons set forth below, the Court recommends that the petition be denied as moot and this matter be dismissed without prejudice.

**I.    Background**

      Mr. Lee filed his habeas petition on March 1, 2017, alleging that he had been held awaiting trial since November 2, 2015. Pet. at 6. Mr. Lee argued that his detention violated his Sixth Amendment speedy trial right, and a corollary right guaranteed by the Minnesota Constitution. Pet. at 2.

      The respondent, the Ramsey County Sherriff, answered on June 8, 2017, providing additional information about Mr. Lee's status. Resp., ECF No. 9. While criminal proceedings related to charges of domestic assault and kidnapping were ongoing in state court, Mr. Lee underwent two Rule 20 examinations to determine whether he was competent to stand trial and assist in his own defense. *See* App. to Resp. ("App.") at 1-3, 4-6, ECF No. 10-1. Ultimately, Mr. Lee was found competent

1

on October 8, 2016. App. at 7-13. He was convicted on April 24, 2017, following a jury trial. *See* Resp. at 2; Dkt. ("Crim. Dkt."), *Minnesota v. Lee*, No. 62-CR-15-8662. Mr. Lee is scheduled for sentencing in late July 2017. Crim. Dkt.

## II.   Analysis

Mr. Lee sought habeas relief pursuant to 28 U.S.C. § 2241. *See* Pet. at 1. Section 2241(c)(3) provides for the issuance of a writ of habeas corpus for individuals being held in "violation of the Constitution or laws or treaties of the United States." "Section 2241 has been recognized as a potential source of habeas review for state pretrial detainees." *Rojas Hernandez v. Paget*, No. 16-cv-2537-DWF-HB, 2016 WL 7404742, at *2 (D. Minn. Nov. 10, 2016). Because Mr. Lee asserted that his detention violated his constitutional rights, Pet. at 2, the Court construes his petition as being brought pursuant to this provision.

Mr. Lee's intervening conviction has rendered his petition moot. *See, e.g.*, *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (per curiam) (finding intervening conviction mooted a pretrial habeas petition); *Williams v. Slater*, 317 F. App'x 723, 724 (10th Cir. 2008) (finding appeal from denial of habeas petition related to pretrial confinement mooted by intervening conviction); *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) ("Because Fassler is now legally in federal custody, we must hold that his request for release from pretrial confinement is moot."). Because Mr. Lee's petition sought to enforce his speedy trial right, and his trial has now concluded, the Court can no longer grant the requested relief. As a result, this case is moot. *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) ("When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances and a federal court can no longer grant effective relief, the case is considered moot." (internal quotation marks, alterations, and citations omitted)).

Based on the foregoing, the Court recommends Mr. Lee's petition for a writ of habeas corpus, ECF No. 1, be **DENIED AS MOOT** and this matter be **DISMISSED WITHOUT PREJUDICE**.

Date: July 5, 2017                              s/ *Katherine Menendez*
                                                Katherine Menendez
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.